**LOCKHART SAVINGS & LOAN ASSOCIATION, Appellant,**

v.

**REPUBLICBANK AUSTIN, Appellee.**

**No. 14610.**

Court of Appeals of Texas, Austin.

Oct. 29, 1986.

Rehearing Denied Dec. 3, 1986.

James M. Vogt, Vogt & Scherer, Austin, for appellant.

Miss Diana K. Borden, McGinnis, Lochridge & Kilgore, Austin, for appellee.

Before SHANNON, C.J., and BRADY and CARROLL, JJ.

BRADY, Justice.

Lockhart Savings & Loan Association appeals from a summary judgment that RepublicBank Austin was not liable on a dishonored check. The check was drawn on RepublicBank and deposited in Lockhart Savings by William H. Stoll. Stoll was not a party to this suit. Appellant Lockhart Savings asserts RepublicBank is liable on the check because RepublicBank failed to return the item before the Austin Clearinghouse deadline of one o'clock p.m. RepublicBank contends return through the clearinghouse was optional and that it properly dishonored the item by giving notice to Lockhart Savings within the midnight deadline established by statute. The trial court rendered a take nothing judgment against Lockhart Savings. We will reverse the judgment and remand the cause.

The item in question was a personal check for $95,000.00 drawn on Republic-Bank and deposited by Stoll in his account with Lockhart Savings on Friday, March 11, 1983. On that same day, Lockhart Savings deposited the check in its account with the National Bank of Commerce. The National Bank of Commerce in turn deposited the item with the Texas Bank of Commerce which presented the check to RepublicBank through the Austin Clearinghouse. The presentment at the clearinghouse occurred on the same day as the original deposit with Lockhart Savings.

On the next banking day, Monday, March 14, 1983, RepublicBank determined the check was drawn against uncollected funds. Suspecting the check was part of a "check kiting" scheme, RepublicBank decided to dishonor it. That afternoon, an officer of RepublicBank personally took the check to the clearinghouse bank and communicated RepublicBank's intent to dishonor. The exact time RepublicBank met with the clearinghouse officer was the subject of conflicting evidence; however, it is undisputed that it occurred after the one o'clock p.m. deadline for return items and after the clearinghouse had closed for the day. Later the same day, RepublicBank telephoned Lockhart Savings and notified Lockhart that it was returning the check. The next day, Tuesday, March 15, 1983, the check was returned through the clearinghouse and charged back to appellant.

The central issue in this appeal is whether failure to meet a clearinghouse deadline for the return of dishonored checks constitutes "final payment" under Tex.Bus.Com. Code Ann. § 4.213 (Supp.1986) [hereafter all numerical citations will be to the Code unless otherwise stated]. This issue is vitally important because most of the banking industry uses clearinghouses to process checks. In this process, all member banks meet at one central location to exchange drafts. Banks which receive checks for deposit (styled "Depository Banks" under § 4.105(1)) present these drafts at a central clearinghouse. The depository bank is then given a provisional settlement against the bank on which the check is drawn (called the "Payor Bank" under § 4.105(2)). The settlement is provisional because it may be revoked by the payor bank if it desires to dishonor the draft. *See* § 4.301(a). The payor bank must, however, return the item or give notice of dishonor within a specified time or the settlement becomes final and may not be revoked. *See* § 4.213. It is the time at which the settlement becomes irrevocable, also called "final payment," *see Id.* and § 4.302, which is in dispute here.

The time when final payment occurs is governed by § 4.213. The relevant portion of this provision reads as follows:

(a) An item is finally paid by a payor bank when the bank has done any of the following, whichever happens first: ...

(3) made a provisional settlement for the item and failed to revoke the settlement in the time and manner permitted by statute, clearing house rule or agreement.

§ 4.213(a)(3). RepublicBank seizes upon the "or" in subsection (3) and asserts this language gives payor banks the option of revoking a settlement by any of the listed alternatives. Under this construction, a payor bank would have until the statutory midnight deadline to revoke a provisional settlement, regardless of the deadline under the clearinghouse rule. Support for RepublicBank's position may be found in § 4.212(b) which permits direct returns from the payor bank to the depository bank, however, that section expressly refers to the time and procedures established in § 4.301. In turn, § 4.301(d)(1) provides items received through a clearinghouse may only be returned in accordance with clearinghouse rules.

The interpretation urged by Republic-Bank is also contrary to the comments to § 4.213. Particularly instructive is comment 6 which describes a scenario where an item is presented through a clearinghouse. Illustrating the effect of § 4.213, the comment states:

> ... if the time limit for the return of items received in the Monday morning clearing is 2:00 p.m. on Tuesday and the provisional settlement has not been revoked at that time in a manner permitted by the clearing house rules, the provisional settlement made on Monday morning becomes final at 2:00 p.m. Tuesday.

Tex.Bus.Com.Code Ann. § 4.213 comment 6 (1968). While the comments following the code provisions are not law, they are persuasive authority concerning interpretation of the statutory language. The import of this example seems clear; the drafters intended clearinghouse rules to determine final payment when a clearinghouse was the vehicle for presentment.

The bearing of clearinghouse rules on final payment is not only a question of first impression in Texas, but has not been extensively litigated in any of the Uniform Commercial Code jurisdictions. Our research has located only two cases on point. In *Morgan Guaranty Trust Co. v. American Savings and Loan Ass'n*, 605 F.Supp. 1086 (D.C.Cal.1985), the court addressed a situation almost identical to the case at bar and held failure to revoke a provisional settlement by the clearinghouse deadline constituted final payment under § 4.213. A similar result was reached in *Berman v. U.S. National Bank*, 197 Neb. 268, 249 N.W.2d 187 (1976), where a Federal Reserve regulation requiring return by three thirty p.m. was held to establish the time effecting final payment. The *Berman* case may be distinguished, however, because the rules in question there expressly provided that failure to meet the deadline was final payment, whereas in the instant case the clearinghouse rules are silent as to their effect. Nevertheless, given the clear language of § 4.213, this interpretation appears sound; moreover, it is consistent with other provisions of art. 4 permitting banks to supercede the code by agreement.

Section 4.103(a) specifically provides that "[t]he effect of this chapter may be varied by agreement ..." Subsection (b) further provides "Federal Reserve regulations and operating letters, clearing house rules, and the like, have the effect of agreements under Subsection (a), whether or not specifically assented to by all parties interested in items handled." Although, as noted above, there is a paucity of case authority concerning clearinghouse rules and final payment, several treatises have addressed the issue. These commentators appear uniform in their interpretation that, under § 4.103, clearinghouse rules supercede the statutory provisions of the Code. *See* Brady, Brady on Bank Checks, § 14.13, at 14–36 (Bailey Revision, 5th Ed.1979), Clark, The Law of Bank Deposits, Collections and Credit Cards, at 5–16 (1970); White and Summers, Handbook of the Law under the Uniform Commercial Code § 16–4 (2d ed. 1980); 6 Banking Law § 13.05 (Mathew

Bender 1986); 8 Banks and Banking ch. 18 § 2 (Michie 1971).

■ In the case at bar, the check was presented to RepublicBank through the Austin Clearinghouse. RepublicBank is a member of the Austin Clearinghouse Association. The rules of the Austin Clearinghouse Association provide that clearing for return items shall be at one p.m. of the first business day following the date the item is received. This one p.m. deadline for return items is clearly a clearinghouse rule as envisioned by § 4.213(a)(3); thus, failure to revoke a provisional settlement, *i.e.*, return the check within this time, constitutes final payment under that provision. Furthermore, the rules of the clearinghouse are an agreement varying the Code under § 4.103, so the deadline established supercedes the midnight deadline of § 4.104(a)(8) and § 4.301(a). Because the purpose of creating deadlines for returns is to facilitate the rapid release of funds deposited by check, it is not only reasonable but essential that banks be able to rely on time limits for returns. Failure to return within the proper time should be a reliable signal that a depository bank may release the funds to its customer. Consequently, for these and the foregoing reasons, we hold RepublicBank's failure to revoke its provisional settlement by the clearinghouse deadline constituted final payment. Thus, RepublicBank is accountable for the amount of the item under § 4.213 and § 4.302.

■ RepublicBank also asserts it should be excused from the deadline for returns established by the clearinghouse rules because an exception is allowed for items requiring physical inspection. This argument is not persuasive as that provision relates only to the verification of forgeries and alterations. The check in question was not tampered with, it was merely drawn against uncollected funds and should have been returned within the applicable deadline.

We, therefore, remand this case for proceedings not inconsistent with this opinion.