NO. 07-05-0392-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 27, 2007

_____


GERALD WOOD, MARK LEE WOOD, AND DAVE LYNN WOOD, APPELLANTS

V.

J. R. WALKER, ARMSTRONG COUNTY SHERIFF,
COMMISSIONERS' COURT OF ARMSTRONG COUNTY, TEXAS,
ARMSTRONG COUNTY, TEXAS, AND PEGGY MEATHENIA, APPELLEES

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 2186; HONORABLE ABE LOPEZ, JUDGE[1]

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.


**OPINION**


Appellants Gerald Wood, Mark Lee Wood, and Dave Lynn Wood challenge the trial

court's order dismissing their claims against Appellees J. R. Walker, Armstrong County

_____

[1]Sitting by assignment for the Honorable Hal Miner following entry of a voluntary
*Order of Recusal* signed February 25, 2005.

Sheriff, Commissioners' Court of Armstrong County, Texas, Armstrong County, Texas, (collectively Armstrong County), and Peggy Meathenia pertaining to their rights with respect to the use of a dirt road in Armstrong County. In their first three issues, the Woods generally allege the trial court erred by dismissing their case without a trial on the merits. By their fourth issue, they contend the trial court erred in awarding attorney's fees to Armstrong County and Meathenia; and by their fifth and final issue, they allege the trial court erred in refusing to grant their request for temporary injunctive relief. For the reasons that follow, we affirm in part and reverse and remand in part.

### Factual Background

This controversy centers around a dirt road that exists across certain ranch land owned by Meathenia in Armstrong County. The road in dispute proceeds north from FM 2272 approximately fifty to 300 feet west of where County Road 21 proceeds south. It does not follow a straight line, but instead meanders across ranch land, changing course when necessary to avoid obstacles. The Woods contend the road is a dedicated public right-of-way easement as memorialized in a deed which was granted by private landowners to Armstrong County on December 18, 1933. Armstrong County contends the road was never accepted as a public road; or, in the alternative, if it ever was a public road, it has since been abandoned. Meathenia supports the position being taken by Armstrong County.

Meathenia acquired title to the ranch land by virtue of a warranty deed dated June 28, 2004, which expressly excepted the easement described in the 1933 deed. The Woods

2

maintain that prior to the conveyance to Meathenia, they enjoyed uninterrupted and continuous ingress and egress over and across the road in order to gain access to their property. After acquiring title to the property, Meathenia erected a fence across the road. The Woods requested that Meathenia remove the obstruction from the road, that the Armstrong County Commissioners' Court recognize the road as a public road, and that J. R. Walker, the Armstrong County Sheriff, enforce the penal statutes pertaining to obstruction of the right-of-way. Each of these requests were refused, leading up to this litigation.

**Procedural History**

The Woods filed suit against Armstrong County and Meathenia seeking a declaratory judgment as to the validity of the easement, a temporary and permanent injunction pertaining to obstruction of the easement, and recovery of attorney's fees pursuant to the Uniform Declaratory Judgments Act. Tex. Civ. Prac. & Rem. Code Ann. §§ 37.002 and 37.009 (Vernon 1997). Armstrong County filed a *Plea to the Jurisdiction and Motion to Dismiss* alleging governmental immunity and failure by the Woods to give notice of suit pursuant to § 89.0041 of the Texas Local Government Code Annotated (Vernon Supp. 2006). Meathenia filed a *General Denial*, *Specific Denial*, and *Affirmative Defenses;* however, she did not file any pleadings seeking dismissal of the Woods' claims.

On April 20, 2005, a hearing was held on the Woods' request for temporary injunctive relief. At the conclusion of that hearing, counsel for Armstrong County raised the merits of

3

the *Plea to the Jurisdiction and Motion to Dismiss.* After hearing the arguments of counsel, the court took the matter under advisement. Subsequently, the court entered an order dismissing the case, without prejudice, and awarding attorney's fees to Armstrong County and Meathenia.

**Peggy Meathenia**

By their first three issues, the Woods contend the trial court erred by dismissing Meathenia because to do so was a violation of procedural due process. We agree.

In response to the Woods' suit, Meathenia filed a *General Denial*, *Specific Denial*, *and Affirmative Defenses*, but she did not plead for dismissal of the claims being asserted against her. Although she did not file a dispositive pleading, the trial court nevertheless included her in its order of dismissal.

A trial court's *sua sponte* dismissal of a case without a plea in abatement or special exceptions is not proper. *Gleason v. Coman*, 693 S.W.2d 564, 567 (Tex.App.–Houston [14th Dist.] 1985, writ ref'd n.r.e.). In *Gleason*, the trial court dismissed the appellant's suit for damages at a hearing for temporary injunctive relief, without the benefit of the appellee having filed any dispositive pleadings. The appellate court held that to do so was error and could reasonably be construed as a denial of the right to trial by jury. *Id.*

Because the trial court dismissed the claims against Meathenia without a motion to dismiss or other dispositive pleading, we conclude the trial court erred. Accordingly, issues

4

one, two, and three are sustained as to Meathenia and the *Order of Dismissal* is reversed as to her.

## Armstrong County Defendants

By their first three issues, the Woods contend the trial court erred by dismissing Armstrong County without a trial on the merits and because § 89.0041 of the Local Government Code was not applicable to this case. We disagree.

Although the trial court's order of dismissal purports to be based upon the *Plea to the Jurisdiction*[2] and not the *Motion to Dismiss*, a basis which we reject hereinbelow, this Court

---

[2]The order, in its entirety provides as follows:

**Order of Dismissal**

There came on for consideration the above cause of action, and the Court, after reviewing the pleadings, motions, arguments, and authorities presented by counsel, finds the following:

1.	That the evidence shows that the Armstrong County Commissioner's Court, in considering the application of Gerald Wood, et al., and the protestations of same, was acting within its authority and did not abuse its discretion.

2.	That, if the road in question was dedicated in 1913, there is no evidence that the county ever undertook to maintain it as a county road and, if it did such, dedication was long ago abandoned.

IT IS, THEREFORE, ORDERED by the Court that the relief requested by Plaintiff is hereby denied, that the Temporary Injunction previously entered is hereby Ordered dissolved, and, *pursuant to the requests for dismissal for lack of jurisdiction* (emphasis added) filed in the answer of Defendants Armstrong County and its officials, that the above-styled and numbered cause be, and the same is hereby, dismissed without prejudice as to all parties, and

IT IS FURTHER ORDERED THAT Defendants Armstrong County Commissioner's Court, J. R. Walker, and Armstrong County recover their reasonable and necessary attorney's fees in the sum of $3,605.90, to be paid by the Plaintiffs, and

IT IS FURTHER ORDERED THAT Defendant Peggy Meathenia recover her reasonable and necessary attorney's fees in the sum of $6,000.00, to be paid by the Plaintiffs.

For which judgment execution may issue.

must affirm that order if there is any legal theory supported by the evidence upon which that decision could be affirmed. *Seaman v. Seaman,* 425 S.W.2d 339 (Tex. 1968); *Porras v. Maldonado,* 2006 WL 3017196, *1 (Tex.App.--San Antonio 2006, no pet.). Therefore, although contrary to the express statement in the order, we must affirm the decision of the trial court if it is supported by either the *Plea to the Jurisdiction* or the *Motion to Dismiss.*

### Plea to the Jurisdiction

Armstrong County's *Plea to the Jurisdiction* asserted that the Woods' claims were barred by sovereign immunity. The Woods contend that sovereign immunity was either not applicable or impliedly waived by the Uniform Declaratory Judgments Act (UDJA). A plea to the jurisdiction is a dilatory plea by which a party challenges a trial court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We review de novo the trial court's ruling on a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

By their pleadings, the Woods sought only declaratory relief and attorney's fees. Armstrong County objected to the trial court's exercise of subject matter jurisdiction on two grounds, to-wit: (1) Armstrong County is protected from suit by governmental immunity, and (2) the cause of action does not fall within any waiver of that immunity. Private parties may seek declaratory relief against government officials acting within their official capacity whenever it is not a veiled attempt to subject the State to liability. *Texas Natural Resource*

6

*Conservation Com'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Therefore, certain declaratory judgment actions against government officials simply do not implicate the sovereign immunity doctrine. *Id.*, citing *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 712 (1945).

During the hearing for temporary injunctive relief, the trial court heard testimony from several witnesses, all who testified that Armstrong County had not performed any maintenance to the disputed road for many years. Armstrong County Judge Hugh Reed testified that during the seventeen years he had been a judge, the County had not maintained the disputed road. He also testified that during a hearing before the Commissioners' Court to determine whether to place the disputed road on the official county map, the Court decided there was no written record or other information documenting that the County had ever continuously maintained the road beginning before September 1, 1981, as required by statute. *See* Tex. Transp. Code Ann. § 258.002(b) & (h) (Vernon Supp. 2006).

Gerald Wood testified that since at least 1980, the road had not been maintained by the County. He also testified that in the past, he and another landowner had privately maintained the road as it deteriorated. According to Gerald, Judge Reed suggested that Gerald obtain a maintainer and begin grading the road. Sheriff Walker testified that he had never patrolled the disputed road as one of his duties to patrol county roads. Additionally, Connie Guffy, Trustee of the Trust that conveyed the land to Meathenia, testified the land

had been in her family for generations and she could not recall anyone ever maintaining the road.

Based upon a review of the pleadings and evidence presented at the temporary injunction hearing, we conclude the Woods were not attempting to subject Armstrong County to monetary liability. *See IT-Davy*, 74 S.W.3d at 856. Thus, sovereign immunity was not implicated by the pleadings in this cause and, notwithstanding the statement in the *Order of Dismissal* to the contrary, the trial court could not have properly dismissed this cause based upon the *Plea to the Jurisdiction.*[3]

**Motion to Dismiss**

The *Motion to Dismiss* filed by Armstrong County contends this suit was subject to mandatory dismissal because they did not receive notice as required by § 89.0041 of the Texas Local Government Code Annotated (Vernon Supp. 2006). The Woods attack the *Motion to Dismiss* on two separate grounds: (1) procedural due process, and (2) inapplicability of the statute. They maintain the trial court committed an error of procedural

---

[3]In expressing this opinion, we make no determination as to whether the UDJA impliedly waived sovereign immunity in the underlying case. *See Cobb*, 190 S.W.2d at 712 (expressing no opinion on the Court of Civil Appeals' holding that the UDJA grants permission to sue in an action against the State). *But see*, *City of LaPorte v. Barfield*, 898 S.W.2d 288, 297 (Tex. 1995) (noting that although waiver of immunity is not expressed in so many words in the UDJA, no other reasonable intent can be discerned); *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994) (holding that governmental immunity for attorney's fees is waived for actions brought against governmental entities under the UDJA).

8

due process by entering an order of dismissal after a hearing on their temporary injunction request, without a trial on the merits. The Woods argue the trial court erred by failing to give notice of its intent to consider the merits of Armstrong County's dispositive pleadings. We disagree as to both grounds.

A review of the record reveals that at the conclusion of the hearing on the Woods' request for a temporary injunction, counsel for Armstrong County began arguing the merits of its dilatory plea to the trial court. At that time, the Woods' counsel not only failed to assert any objection based upon lack of notice, he engaged in arguments pertaining thereto. By failing to object, the Woods waived any procedural due process complaint based upon a lack of notice. *Manning v. North,* 82 S.W.3d 706, 714-15 (Tex.App.--Amarillo 2002, no pet.). Therefore, we conclude the trial court did not err in deciding to address the merits of the *Motion to Dismiss.*

Having determined that the trial court properly considered the *Motion to Dismiss*, we arrive at the dispositional issue: Did the trial court properly dismiss the claims against Armstrong County based upon § 89.0041 of the Local Government Code? The Woods contend § 89.0041 is not applicable because that section only applies to suits arising out of a contractual dispute. Armstrong County contends the Woods' construction of the statute is incorrect. We conclude § 89.0041 was correctly construed by the trial court to require dismissal of the Woods' claims as to Armstrong County.

In 2003, the Legislature amended the Local Government Code.[4] Section 1 of that act amended § 89.004, section 2 amended § 262.007, section 3 added § 89.0041, and section 4 provided an effective date of September 1, 2003, and added a legislative note which provides:

> (b) This Act applies only to a claim arising under a contract executed on or after September 1, 2003. A claim that arises under a contract executed before September 1, 2003, is governed by the law as it existed on the date the contract is executed, and the former law is continued in effect for that purpose.

The question arises, does this legislative note limit application of § 89.0041 to claims based upon a contractual cause of action? The Woods and Armstrong County agree this statutory construction issue has not heretofore been decided.

When we construe a statute, our primary goal is to ascertain and give effect to the Legislature's intent in enacting it. Tex. Gov't Code Ann. § 312.005 (Vernon 2005); *In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001). Legislative enactments are to be liberally construed so as to achieve their purpose and to promote justice. Tex. Gov't Code Ann. § 312.006 (Vernon 2005). Where language in a statute is clear and unambiguous, we must seek the intent of the Legislature as found in the plain and common meaning of the words and terms used by the Legislature within the context of the entire statute. *Monsanto Co.*

---

[4]*See* Act of May 29, 2003, 78th Leg., R.S., ch. 1203, §§ 1 - 4, 2003 Tex. Gen. Laws 3418.

*v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993); *Rosa v. Caldwell,* 159 S.W.3d 695, 700 (Tex.App.--Amarillo 2004, pet. denied).

In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider the object sought to be attained, the circumstances under which the statute was enacted, the statute's legislative history, the common law or former statutory provisions, the consequences of a particular construction, the administrative construction of the statute, as well as the title, preamble, or emergency provisions of the enactment. Tex. Gov't Code Ann. § 311.023 (Vernon 2005).

In construing § 89.0041, we note the statute itself is clear and unambiguous. Subsections (a) and (b) of the newly enacted section provide that written notice of specific information is to be given by a specified time, to certain named individuals, in a particular manner, whenever suit is filed against a county or a person sued in their capacity as a county official. Subsection (c) of that section provides that a court shall dismiss such a proceeding if the person filing the suit does not give notice as required by subsections (a) and (b). The plain meaning of these provisions is easily understood. What is ambiguous is whether the comment following the code provision was intended to limit the requirements of § 89.0041 to claims arising under a contract.

Comments following code provisions, while persuasive authority concerning the interpretation of statutory language, are not law. *Lockhart Sav. & Loan Ass'n v. RepublicBank Austin*, 720 S.W.2d 193, 195 (Tex.App.--Austin 1986, writ ref'd n.r.e.).

11

Therefore, a legislative comment cannot be construed as altering the clear and unambiguous language of the statute.

While this legislative note could have been more specific, having reviewed the legislative enactment in its entirety, and having construed the comment consistent with an interpretation that would not alter a clear and unambiguous reading of the statute, we conclude the note was intended to clarify that, to the extent that a claim arises under a contract, the provisions of the act amending the Local Government Code and adding § 89.0041 apply only to contracts executed on or after September 1, 2003. Stated differently, those provisions apply to all causes of action other than causes of action which arise out of contracts entered into prior to September 1, 2003. We conclude the trial court correctly construed the provisions of § 89.0041 as being applicable to the claims being asserted by the Woods. Because they did not comply with the specific provisions of § 89.0041(a) and (b), the trial court had no choice but to dismiss the suit as to Armstrong County based upon the *Motion to Dismiss* and the provisions of § 89.0041(c). Issues one, two, and three are overruled as to Armstrong County, and the *Order of Dismissal* is affirmed as to Armstrong County.

We are mindful of the fact that Meathenia argues that if dismissal was correct as to Armstrong County it was correct as to her because she was an indispensable party. We disagree. Section 37.006(a) of the Texas Civil Practice and Remedies Code Annotated (Vernon 1997) provides that any person having a claim or interest that would be affected

when declaratory relief is sought must be made a party. A declaration does not prejudice the rights of a person not a party to the proceeding. *Id*. The Supreme Court has recently held that subject matter jurisdiction is rarely implicated by the failure to join a party in a declaratory judgment action. *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 162 (Tex. 2004). The trial court's dismissal as to Armstrong County does not preclude it from rendering complete relief between the Woods and Meathenia.

### Attorney's Fees

By their fourth issue, the Woods maintain the trial court erred in awarding attorney's fees. We disagree. The Woods argue that section 38.001 of the Texas Civil Practice and Remedies Code does not authorize recovery of attorney's fees in the underlying case and that without a statutory provision permitting such recovery, Armstrong County and Meathenia were not entitled to attorney's fees.

The underlying case brought by the Woods is a declaratory judgment action. Section 37.009 of the Texas Civil Practice and Remedies Code Annotated (Vernon 1997) grants a trial court discretion to award reasonable and necessary attorney's fees as are equitable and just in suits filed under the UDJA. A trial court's discretion in deciding whether to award attorney's fees in a declaratory judgment action is broadly construed and will not be reversed absent a clear abuse of discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex. 1985). An award of attorney's fees is authorized regardless of whether a party prevails. *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). Because the

13

Woods did not present argument challenging the reasonableness of the award of attorney's fees under section 37.009, we need not further address the issue. Issue four is overruled.

**Temporary Injunction**

By their final issue, the Woods allege the trial court erred by refusing to grant their request for temporary injunctive relief. Because this Court has affirmed the dismissal as to Armstrong County, our consideration on this issue is limited to the question of whether the trial court abused its discretion in denying a temporary injunction as to Meathenia and the actual road in use. Denial of a request for temporary injunctive relief is based upon an abuse of discretion standard. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex 2002); *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993). Therefore, if there is any basis upon which the trial court could have denied the temporary injunction, it could not have been an abuse of discretion to deny the Woods that relief. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978).

Rule 683 of the Texas Rules of Civil Procedure requires that every order granting injunctive relief shall be specific in its terms and describe in reasonable detail the act or acts sought to be restrained. Therefore, a sufficient description of the road in use is essential to the granting of injunctive relief. *Eastex Wildlife Conservation Ass'n v. Jasper,* 450 S.W.2d 904, 917-18 (Tex.Civ.App.--Beaumont 1970, writ ref'd n.r.e.). In this case, the Woods offered a description of the easement contained in the 1933 deed; however, evidence was also adduced that the road in use deviated from that easement. The Woods

14

offered no evidence which would describe the metes and bounds of the road in use. It follows that any injunction granted pertaining to the road in use would have been too vague and general to have been enforceable. Therefore, the trial court did not abuse its discretion in denying temporary injunctive relief. Issue five is overruled.

Accordingly, the trial court's order of dismissal and award of attorney's fees as to J. R. Walker, Armstrong County Sheriff, Commissioners' Court of Armstrong County, Texas, and Armstrong County, Texas is affirmed; that portion of the trial court's order dismissing the Woods' case against Peggy Meathenia and awarding attorney's fees is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Patrick A. Pirtle
Justice

15