NUMBER 13-06-405-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 



JOE GUADALUPE BALLESTEROS, Appellant,


v.
 


NUECES COUNTY, TEXAS Appellee.

 

On appeal from the 347th District Court 

of Nueces County, Texas.


 



MEMORANDUM OPINION



Before Justices Yañez, Benavides and Vela


Memorandum Opinion by Justice Vela





 This appeal is from a plea to the jurisdiction and motion to dismiss granted in
favor of Nueces County and against appellant, Joe Guadalupe Ballesteros. Appellant
argues that the trial court erred in granting the county's motion because he either
complied with the notice requirements set forth in Texas Local Government Code
section 89.0041, or he was not required to comply because the county had actual
notice of his claim based on his pursuit of the same claim in a dismissed federal court
action. See Tex. Loc. Gov't Code Ann. § 89.0041 (Vernon Supp. 2006). We affirm.

I. Background

 Mr. Ballesteros had been a captain for the Nueces County Sheriff's Department. 
On January 16, 2003, he was involved in a motor vehicle accident while on duty. He
later filed a workers' compensation claim for injuries he sustained in the collision. 
Nueces County terminated his employment, effective November 14, 2003, because
he could no longer perform the essential functions of his job. 

 On January 18, 2005, Ballesteros filed an original complaint in federal court
asserting both federal and state claims arising from his termination from the Nueces
County Sheriff's Department. United States District Judge Hayden W. Head dismissed
the case because only a state law claim remained. Prior to the dismissal, the parties
agreed on the record that should Ballesteros refile his claim in state court, he would
not allege additional causes of action and the parties would not conduct additional
discovery. There were no agreements made between the parties regarding service or
notice in the event of refiling. There was no waiver of any applicable notice
requirements. 

 After the federal court dismissal, Ballesteros filed an original petition in state
court on March 21, 2006, and the county judge was served with the petition on March
29, 2006. Ballesteros' pleadings allege that the county retaliated against him because
he had filed a workers' compensation claim. See Tex. Lab. Code Ann. § 451.001(1)
(Vernon 2006). Nueces County answered the lawsuit on April 21, 2006, with a
general denial, verified denials and affirmative defenses. On April 21, 2006, the
county also filed its motion to dismiss and plea to the jurisdiction, asserting that
Ballesteros failed to comply with the notice provisions set forth in section 89.0041 of 
the local government code, which were effective at the time Ballesteros filed his claim
in state court. This section of the local government code came into effect September
1, 2005, after Ballesteros filed his federal court action, but before he filed his lawsuit
in state court. 

II. Standard of Review

 A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a
cause of action without regard to whether the claims have merit. Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's
jurisdiction over the subject matter of the pleaded cause of action. Tex. Parks &
Wildlife Dep't v. Morris, 129 S.W.3d 804, 807 (Tex.App.-Corpus Christi 2004, no
pet.). Whether a trial court has subject matter jurisdiction is a question of law. Tex.
Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). Subject
matter jurisdiction may not be waived. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 445 (Tex. 1993). We review the trial court's ruling on the plea to the
jurisdiction de novo. Miranda, 133 S.W.3d at 228. 

III. Issues and Analysis

 The county's plea to the jurisdiction and motion to dismiss were premised on
the failure of Ballesteros to comply with section 89.0041 of the Texas Local
Government Code. The statute concerns post-filing notice requirements in suits
brought against the county, not pre-filing presentment requirements. 

 Section 89.0041 of the Texas Local Government Code, entitled "Notice of Suit
Against County," effective September 1, 2005, requires:

 (a) A person filing suit against a county or against a county official in
the official's capacity as a county official shall deliver written
notice to:

 

 (1) the county judge, and

 (2) the county or district attorney having jurisdiction to
defend the county in a civil suit.

 

 (b) The written notice must be delivered by certified or registered mail
by the 30th business day after suit is filed and contain:

 

 (1) the style and cause number of the suit;

 (2) the court in which the suit was filed;

 (3) the date on which the suit was filed;

 (4) the name of the person filing suit.

 

 (c) If a person does not give notice as required by this section, the
court in which the suit is pending shall dismiss the suit on motion
for dismissal made by the county or the county official. (emphasis
added).


Tex. Loc. Gov't Code Ann. § 89.0041 (Vernon Supp. 2006). 

 

 It is undisputed that Ballasteros did not meet the requirements of section
89.0041. He filed an original petition against the county in state district court.
Ballesteros served the county judge, but he did not timely provide written notice to the
county judge and the Nueces County Attorney by certified or registered mail. While
he suggests to this Court that he wasn't required to comply because the federal court
remanded the case to state court, the federal court, in fact, did not remand the case,
but dismissed it without prejudice. 

 The case before the trial court was a new suit against the county filed after the
effective date of section 89.0041. Thus, the issues before this court are: 1) does
section 89.0041 of the local government code apply to this case; 2) was compliance
with the statute mandatory to maintain the suit; and 3) did the failure to comply with
the statute deprive the trial court of subject matter jurisdiction?

A. Does section 89.0041 apply?

 We find nothing in the language of the local government code which would
relieve Ballesteros from compliance. The plain language of the code requires a plaintiff
to provide notice to certain county officials of specific items within thirty days of filing
a civil suit, and it prescribes the means by which notice must be given, either by
certified or registered mail. Tex. Loc. Gov't Code Ann. § 89.0041 (Vernon Supp.
2006). The amendment became effective in 2005 and Ballesteros' suit was not filed
in state court until April 21, 2006.

 To date, only one case has analyzed the applicability of section 89.0041. Wood
v. Walker, ___S.W.3d ___, 2007 WL 911825 (Tex. App.Amarillo 2007, no pet. h.). (1) 
The court said that legislative enactments are to be liberally construed to achieve their
purpose and promote justice. Id. at *4; Tex. Gov't Code Ann. § 312.006 (Vernon
2005). The Walker Court agreed that the statute is clear and unambiguous. Id. 
Walker applied section 89.0041 to a claim involving a dispute over access to a dirt
road. The court determined that section 89.0041 applied to cases other than contract
cases based on the plain language of the statute. We agree with the Amarillo court's
conclusion and find that section 89.0041 applied to this case as well.

 Ballesteros did not comply with the statute because he did not deliver timely
written notice to the county judge or the county or district attorney by certified or
registered mail. If a statute is clear and unambiguous courts should afford it its
common meaning. Tex. Dep't. of Transp. v. City of Sunset Valley, 146 S.W.3d 637,
642 (Tex. 2004). We find that the statute applied.

B. Was Compliance Mandatory? 

 Subsections (a) and (b) of the newly-enacted section provide that written notice
of specific information is to be given by a specific time to certain named individuals,
in a particular manner. Texas Local Government Code § 89.0041(a)(b) (Vernon Supp.
2006). Subsection (c) provides that the court shall dismiss, if the person does not
give the required notice pursuant to subsections (a) and (b). Tex. Loc. Gov't Code
Ann. § 89.0041(c) (Vernon Supp. 2006). The word "shall" imposes a duty. Tex.
Gov't Code Ann. § 311.016(2) (Vernon 2005). The statute further indicates that
notice "must" be given by registered or certified mail. The word "must" creates or
recognizes a condition precedent. Tex. Gov't Code Ann. § 311.016(3) (Vernon 2005). 
While certain statutes, such as the Texas Tort Claims Act, suspend notice
requirements if the governmental unit has actual notice, section 89.0041 does not
have a similar provision. See Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c) (Vernon
2005). 

 We presume the Legislature did not intend to enact a useless statute. 
Armstrong v. Hixon, 206 S.W.3d 175, 182 (Tex. App.Corpus Christi 2006, pet.
denied). Here, the local government code mandates the dismissal of the case for
failure to comply with its terms. If this statute is not interpreted as mandatory, it will 
have no effect whatsoever and the Legislature's intent would be nullified. Section
89.0041 was enacted in addition to those presentment statutes already in effect and
must be construed in addition to all other notice and presentment requirements.
Although, in this case, the equities favor Ballesteros because both sides had been
previously engaged in litigation in this very matter, we believe the trial court had no
choice but to follow the statute. Conceivably, this hurdle was designed to assure that
it be difficult to maintain suits against governmental entities whose resources to
defend such suits is limited. It is harsh and seemingly a trap for the unwary. However,
the statute contains no exceptions, making compliance mandatory.

C. Did the trial court have subject matter jurisdiction?

 In 2005, the Legislature made clear that the prerequisites to suits against
governmental entities are jurisdictional requirements. The Legislature amended Texas
Government Code section 311.034, by adding:

 Statutory prerequisites to a suit, including the provision of notice, are
jurisdictional requirements in all suits against a governmental entity.


Tex. Govt. Code Ann. § 311.034 (Vernon Supp. 2006) (emphasis added).

 While section 89.0041 is a statutory prerequisite to maintaining a suit against
the county, it is clearly not a prerequisite to filing the suit. No cases have spoken to
the precise issue before this court. Since the amendment of section 311.034, pre-suit
notice of a claim under the Texas Tort Claims Act has been determined to be
jurisdictional. See Tex. Dep't of Crim. Justice v. Thomas ___ S.W.3d___ 2007 WL
1152937 at*4 (Tex. App.Houston [1st Dist.] April 19, 2007, pet. filed). In contrast,
claims interpreting statutes of limitations have been construed as not jurisdictional after
the amendment of section 311.034. See Dallas County v. Hughes, 189 S.W.3d 886,
888 n.3 (Tex. App.Dallas 2006, pet. denied). Section 89.0041 is not a prerequisite
to filing suit. However, it is a notice provision which the Legislature clearly intended
to be required to maintain the suit. Because section 89.0041 unequivocally applies to
notice provisions in cases against a governmental agency, we find that the trial court
lacked subject matter jurisdiction.

IV. Conclusion

 The trial court properly dismissed the case for failure to comply with Texas Local
Government Code section 89.0041. The trial court also properly determined it lacked
jurisdiction pursuant to Texas Government Code section 311.034. 


 We overrule appellant's issue and affirm the trial court's dismissal. 

 

 

 ROSE VELA

 Justice


Concurring Memorandum Opinion by Justice Benavides

Memorandum Opinion delivered and 

filed this 31st day of August, 2007.
1. Abercia v. Kingvision Pay-Per-View, LTD., 217 S.W.3d 688 (Tex. App.-El Paso 2007, no pet.
h.), determined that section 89.0041 was not applicable because the action was not a "suit" against
a governmental entity. This case was clearly a claim brought against a governmental entity.