In The



Court of Appeals



Ninth District of Texas at Beaumont



________________



NO. 09-08-00420-CV


 _____________________



LARRY ROCCAFORTE, Appellant



V.



JEFFERSON COUNTY, TEXAS, Appellee






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-177,131 






OPINION


 Larry Roccaforte sued Jefferson County, a Jefferson County constable, and two
Jefferson County employees, under 42 U.S.C.A. § 1983 (West 2003). Roccaforte also asked
the trial court to declare that Jefferson County violated his rights under the Texas
Constitution. Relying on section 89.0041 of the Texas Local Government Code, the County
filed a plea to the jurisdiction and motion to dismiss. See Tex. Loc. Gov't Code Ann. §
89.0041 (Vernon 2008). The trial court granted the plea and dismissed the suit against the
County. (1) Because dismissal was appropriate, though not for jurisdictional reasons, we
modify the order to reflect a dismissal without prejudice, and affirm the order as modified. 
Section 89.0041


 The County argued in the trial court that a plaintiff must demonstrate compliance with
section 89.0041 of the Local Government Code to establish the district court's jurisdiction. 
Section 89.0041 provides as follows:

 (a) A person filing suit against a county or against a county official in the
official's capacity as a county official shall deliver written notice to:

 (1) the county judge; and

 (2) the county or district attorney having jurisdiction to defend the
county in a civil suit.

 (b) The written notice must be delivered by certified or registered mail by the
30th business day after suit is filed and contain:

 (1) the style and cause number of the suit;

 (2) the court in which the suit was filed;

 (3) the date on which the suit was filed; and

 (4) the name of the person filing suit.

 (c) If a person does not give notice as required by this section, the court in
which the suit is pending shall dismiss the suit on a motion for dismissal made
by the county or the county official.


Tex. Loc. Gov't Code Ann. § 89.0041. Roccaforte did not comply with the statute.

Jurisdiction


 Roccaforte argues section 89.0041 is not jurisdictional, and the trial court therefore
erred in granting the plea to the jurisdiction. The County responds that section 311.034 of
the Texas Government Code makes section 89.0041, and notice statutes like it, 
jurisdictional. See Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2008). Section 311.034
provides that "[s]tatutory prerequisites to a suit, including the provision of notice, are
jurisdictional requirements in all suits against a governmental entity." Id. 

 The Fourth and Fifth Courts of Appeals have held that section 89.0041 is not
jurisdictional because the statute does not relate to prerequisites to filing suit. See County
of Bexar v. Bruton, 256 S.W.3d 345, 346-49 (Tex. App.--San Antonio 2008, no pet.); Dallas
County v. Coskey, 247 S.W.3d 753, 754-56 (Tex. App.--Dallas 2008, pet. denied). The
Thirteenth Court of Appeals has held that, even though the notice requirement in section
89.0041 is not a prerequisite to filing suit, the "Legislature clearly intended [this notice] to
be required to maintain the suit." See Ballesteros v. Nueces County, No. 13-06-405-CV,
2007 WL 2473454, at **2-4 (Tex. App.--Corpus Christi Aug. 31, 2007, no pet.) (mem. op.). 
Focusing on the concept of notice in the two statutes, rather than the "prerequisite" language
in section 311.034, the Thirteenth Court found the plaintiff's failure to comply with section
89.0041 deprived the trial court of subject matter jurisdiction. Id. at *4. 

 The County argues that "[i]n 2005, the Legislature made clear that the prerequisites
to suits against governmental entities are jurisdictional requirements. The legislature
amended the Texas Government Code §311.034 by stating:

 'Statutory prerequisites to a suit, including the provision of notice, are
jurisdictional requirements in all suits against a governmental entity.'


 Tex. Gov't. Code §311.034 (Vernon Supp. 2006)."


The portion of section 311.034 relied upon by Jefferson County applies to actions taken
before a suit is filed. See Coskey, 247 S.W.3d at 755. The notice required by section
89.0041 is to be delivered only after suit is filed. See Tex. Loc. Gov't Code Ann. §
89.0041(b). The suit may proceed without the required notice if the county or county official
does not file a motion to dismiss. See id. § 89.0041(c). The statute establishes a procedural
bar to the continuation of suit if the county or county official files a proper motion to dismiss
under section 89.0041, but the notice is not a statutory prerequisite to a suit. A dismissal
order pursuant to section 89.0041 is not for lack of jurisdiction in the district court. See
Bruton, 256 S.W.3d at 349 ("Because section 89.0041's notice provision is not a
jurisdictional requirement, the trial court did not err in denying [the] County's plea to the
jurisdiction."); Coskey, 247 S.W.3d at 755 ("Because the quoted provision of section 311.034
applies to actions taken before a suit is filed, by its plain language it does not apply to the
post-suit written notice required by section 89.0041(b)."). Issue three is sustained.

 Motion to Dismiss


 The trial court's order granted the plea to the jurisdiction and dismissed the suit
against the County. The County pled alternatively that the failure to comply with section
89.0041 was a ground for the motion to dismiss under section 89.0041(c). Though the
requirements of section 89.0041 are not jurisdictional, we will nevertheless uphold the trial
court's dismissal order on any valid theory supported by the record. See Wood v. Walker, No.
07-05-0392-CV, 2007 WL 911825, at *2 (Tex. App.--Amarillo Mar. 27, 2007, no pet.) 
("Although the trial court's order of dismissal purports to be based upon the Plea to the
Jurisdiction and not the Motion to Dismiss, . . . this Court must affirm that order if there is
any legal theory supported by the evidence upon which that decision could be affirmed.");
see also Luxenberg v. Marshall, 835 S.W.2d 136, 142 (Tex. App.--Dallas 1992, orig. 
proceeding) ("We focus on the result reached by the trial court, rather than the reasons stated
in the order."). If a plaintiff does not comply with section 89.0041, the statute provides for
a dismissal of the suit. See Tex. Loc. Gov't Code Ann. § 89.0041(c). We therefore address
appellant's other issues attacking the dismissal order. 

Preemption


 Roccaforte argues that Texas statutory prerequisites to maintaining a lawsuit against
the County do not apply to actions under section 1983 of Title 42 because of the preemption
doctrine. See 42 U.S.C.A. § 1983. He relies on Felder v. Casey, 487 U.S. 131, 108 S.Ct.
2302, 101 L.Ed.2d 123 (1988), and Patsy v. Board of Regents of the State of Florida, 457
U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), both of which deal with prerequisites to
bringing suit and with federal law preemption. 

 "Section 1983 creates a private right of action for violations of an individual's
federally guaranteed rights by those acting under color of state law." Tex. Dep't of Criminal
Justice v. Thomas, 263 S.W.3d 212, 219 (Tex. App.--Houston [1st Dist.] 2007, pet. denied)
(citing Richardson v. McKnight, 521 U.S. 399, 403, 117 S.Ct. 2100, 138 L.Ed.2d 540
(1997)). The central objective of section 1983 is to "'ensure that individuals whose federal
constitutional or statutory rights are abridged may recover damages or secure injunctive
relief.'" Felder, 487 U.S. at 139 (quoting Burnett v. Grattan, 468 U.S. 42, 55, 104 S.Ct.
2924, 82 L.Ed.2d 36 (1984)). A state's law will be preempted when it is inconsistent with
the goals of the federal civil rights law or stands as an obstacle to the accomplishment and
execution of the full purposes and objectives of Congress. See id. at 139, 141. "[W]here
state courts entertain a federally created cause of action, the 'federal right cannot be defeated
by the forms of local practice.'" Id. at 138 (quoting Brown v. W. Ry. of Ala., 338 U.S. 294,
296, 70 S.Ct. 105, 94 L.Ed. 100 (1949)); see also Patsy, 457 U.S. at 516; Ogletree v. Glen
Rose Indep. Sch. Dist., 226 S.W.3d 629, 633 (Tex. App.--Waco 2007, no pet.); Dallas
County v. Gonzales, 183 S.W.3d 94, 109 (Tex. App.--Dallas, 2006, pet. denied).

 The Wisconsin statute at issue in Felder provided that, before a claimant could sue
a state or local governmental entity or officer in state court, the claimant was required to
notify the governmental defendant of the circumstances giving rise to the claim, the amount
of the claim, and his or her intent to hold the named defendant liable. Felder, 487 U.S. at
134. Further, the state statute required that, in order to afford the defendant an opportunity
to consider the requested relief, the claimant had to refrain from filing suit for 120 days after
providing the notice to the governmental defendant. Id. Failure to comply with the
Wisconsin statute's requirements constituted grounds for dismissal of the action. Id. 

 The Supreme Court explained that the state statute undermined section 1983 in several
ways. Felder, 487 U.S. at 141-42. First, the state statute conditioned the right of recovery
that Congress authorized in section 1983 "to minimize governmental liability"; and the
statute "condition[ed] the right to bring suit against the very persons and entities Congress
intended to subject to liability." Id. at 141, 144-45. Second, the notice provision
discriminated against the federal right, because the provision afforded the victim of an
intentional tort in Wisconsin two years to recognize the compensable nature of the injury,
while the civil rights victim in Wisconsin was given only four months to "appreciate that he
or she ha[d] been deprived of a federal constitutional or statutory right." Id. at 142, 146, 152. 
The Wisconsin statute required that written notice of the circumstances of the claim be given
within 120 days after the happening of the event giving rise to the claim, unless claimant
made a showing of actual notice, and lack of prejudice, to the defendant. See id. at 146. 
"Finally, the [Wisconsin] notice provision operate[d], in part, as an exhaustion requirement,
in that it force[d] claimants to seek satisfaction in the first instance from the governmental
defendant." Id. at 142, 146-47. 

 The requirements of the Wisconsin statute were imposed "only upon a specific class
of plaintiffs -- those who sue[d] governmental defendants -- and . . . [the statute was] firmly
rooted in policies very much related to, and to a large extent directly contrary to, the
substantive cause of action provided those plaintiffs." Id. at 145. The pre-suit notice-of-claim statute in Felder specifically targeted civil rights claims against the State, primarily
benefitted government defendants, and enabled those defendants to investigate early and
prepare a stronger case. Id. at 142. The Supreme Court stated, "We think it plain that
Congress never intended that those injured by governmental wrongdoers could be required,
as a condition of recovery, to submit their claims to the government responsible for their
injuries." Id. Concluding that section 1983 preempted the Wisconsin statute, the Supreme
Court stated that the States' authority to prescribe the rules and procedures governing suits
in their courts "does not extend so far as to permit States to place conditions on the
vindication of a federal right." Id. at 147. Similarly, in Patsy the Court concluded that
"exhaustion of state administrative remedies should not be required as a prerequisite to
bringing an action pursuant to § 1983." Patsy, 457 U.S. at 516. 

 The Texas statute we consider is not a prerequisite to filing suit nor does it provide
a separate limitations bar. Section 89.0041 does not discriminate against any specific type
of claim and does not place a condition upon the right to bring a section 1983 action. See §
89.0041. The statute requires a plaintiff to provide a specific notice of the filing of the suit
after the plaintiff sues a county or "a county official in the official's capacity." See id. The
notice requirement is not onerous and merely assures that the filed petition is directed to the
proper hands. See, e.g., Coskey, 247 S.W.3d at 757 ("The manner of delivery specified by
the statute assures that county officials will receive notice of a suit after it has been filed to
enable it to respond timely and prepare a defense."). 

 In contrast to the outcome determinative statute in Felder, section 89.0041 is a
procedural requirement that uniformly applies to all plaintiffs in suits against a county and
its officials. See generally Johnson v. Fankell, 520 U.S. 911, 918-19, 117 S.Ct. 1800, 138
L.Ed.2d 108 (1997) (Section 1983 did not preempt state appellate rule.). Section 89.0041
provides that the written notice must be delivered by certified or registered mail to the county
judge and the "county or district attorney having jurisdiction to defend the county in a civil
suit" within the prescribed time period after the suit is filed. We view this statute as we
would a procedural rule. See Fankell, 520 U.S. 918-23. Section 1983 does not pre-empt a
state's "consistent application of its neutral procedural rules[.]" See Fankell, 520 U.S. at
923. Because a dismissal order under section 89.0041 is not on the merits, is not
jurisdictional, and would not bar re-filing of the suit and subsequent timely delivery of proper
notice, the statute is not outcome determinative as that phrase is used in Felder. See Fankell,
520 U.S. at 921 (As used in Felder, "outcome" "referred to the ultimate disposition of the
case[.]"). We conclude that section 1983 does not preempt section 89.0041. 


Non-Contract Claims


 In issue two, Roccafforte maintains that section 89.0041 applies only to contract
claims. Chapter 89 concerns "General Provisions Relating to County Administration." See
Act of April 23, 1999, 76th Leg., R.S., ch. 62, § 13.03(a), 1999 Tex. Gen. Laws 127, 340.
Section 89.0041 was part of Senate Bill No. 1017, which contained two other sections --
section 89.004 ("Presentation of Claim") and section 262.007 ("Suit Against County Arising
Under Certain Contracts"). (2) Section 89.0041 is clear and unambiguous, and is not restricted
to contract claims. The statute is applicable to "[a] person filing suit against a county or
against a county official in the official's capacity as a county official[.]" Tex. Loc. Gov't
Code Ann. § 89.0041. Similarly, the language in section 89.004 -- which provides that in
order to sue a county a claimant must first present the claim to commissioners' court -- does
not on its face limit its application to contract claims. See Tex. Loc. Gov't Code Ann. §
89.004 (Vernon 2008). However, section 262.007, the third statute contained in Senate Bill
No. 1017, does expressly refer in its text to a suit arising under a certain type of contract. See
Tex. Loc. Gov't Code Ann. § 262.007 (Vernon 2005). The statutory notes at the
conclusion of Senate Bill 1017 state as follows: 

 This Act applies only to a claim arising under a contract executed on or after
September 1, 2003. A claim that arises under a contract executed before
September 1, 2003, is governed by the law as it existed on the date the contract
is executed, and the former law is continued in effect for that purpose. 


See Act of May 29, 2003, 78th Leg., R.S., ch. 1203, § 4(b), 2003 Tex. Gen. Laws 3418,
3419. Reviewing the statutory provisions together, we agree with the Amarillo Court of
Appeals that, if a claim arises under a contract, the provisions of the act that amend the Local
Government Code and add section 89.0041 apply to the contract claim only if the contract
was executed on or after September 1, 2003. Wood, 2007 WL 911825, at **4-5. In other
words, "those provisions apply to all causes of action other than causes of action which arise
out of contracts entered into prior to September 1, 2003." Id. at *5. Section 89.0041 applies
to Roccaforte's claims. Issue two is overruled. 

Substantial Compliance


 In issue four, Roccaforte argues he substantially complied with the requirements of

section 89.0041. See generally Wentworth v. Medellin, 529 S.W.2d 125, 128 (Tex. Civ.
App.-- San Antonio 1975, no writ) ("'Substantial compliance' means compliance with the
essential requirements, whether of a contract or of a statute."). In upholding a trial court's
denial of a county's motion to dismiss, at least one court has found substantial compliance
under section 89.0041. See Coskey, 247 S.W.3d at 756-57. In Coskey, the petition and
request for disclosure, as well as exhibits, were delivered to the Dallas County judge. Id. at
754. Within the thirty-day time frame, Dallas County filed an answer and served a request
for disclosure, Coskey's counsel wrote a letter to the Dallas County assistant district attorney
requesting dates for depositions, and Coskey's counsel also sent a first request for production
of documents to the assistant district attorney. See id. The trial court denied Dallas County's
motion to dismiss filed pursuant to section 89.0041. See Coskey, 247 S.W.3d at 754. Under
those circumstances, the Dallas Court of Appeals held that Coskey substantially complied
with section 89.0041, and the appellate court affirmed the order. See Coskey, 247 S.W.3d
at 757. 

 Roccaforte made no attempt to comply with section 89.0041's requirements. Section
89.0041's plain language provides that the plaintiff "shall" give the notice to specified
persons and "must" do so by registered or certified mail within a certain time frame after the
plaintiff files suit; and the trial court "shall" dismiss the suit if the plaintiff does not comply
with the statutory requirements. See Tex. Loc. Gov't Code Ann. § 89.0041. We construe
"shall" in this statute to impose a duty. See Tex. Gov't Code Ann. § 311.016(2) (Vernon
2005). The trial court did grant the motion to dismiss in this case, though the county judge
was served with citation and the assistant district attorney answered within the thirty-day time
frame. (3) Unlike some notice statutes, section 89.0041 does not include a provision allowing
"actual notice" to satisfy the statute's requirements. See, e.g., Tex. Civ. Prac. & Rem. Code
Ann. § 101.101 (Vernon 2005) (an express "actual notice" exception to the pre-suit notice
requirements set out in the Tort Claims Act). 

 Reading a broad actual notice or service exception into the statute -- without any
attempt by plaintiff to comply -- would, in effect, largely eliminate the specified, additional
written notice requirement of the statute. On its face, the statute is mandatory, requires strict
compliance, and gives instruction to the trial court. In this appeal, Roccaforte does not argue
the motion to dismiss was untimely, and therefore we do not address that issue. Appellant
made no attempt to comply with the requirements of section 89.0041; under the
circumstances, we cannot find error by the trial court in following the mandate of the statute. 
Issue four is overruled.

Conclusion


 The order of dismissal is modified to reflect that the dismissal is not for lack of
jurisdiction and is without prejudice. See Tex. R. App. P. 43.2(b). The order is to provide
that the motion to dismiss is granted and plaintiff's cause of action against Jefferson County
is dismissed without prejudice. As modified, the order is affirmed.



 AFFIRMED AS MODIFIED. 

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on January 6, 2009

Opinion Delivered March 5, 2009


Before Gaultney, Kreger, and Horton, JJ.
1. Roccaforte notes that immediately after the dismissal order, the trial of the case
proceeded to judgment without the County as a party. No one disputes that all the claims
against all other parties have been resolved. The order of dismissal is therefore appealable
whether or not the statute at issue is jurisdictional. 
2. See Act of May 29, 2003, 78th Leg., R.S., ch. 1203, 2003 Tex. Gen. Laws 3418,
3418-19 (amended 2005) (current version at Tex. Loc. Gov't Code Ann. § 89.0041
(Vernon 2008)). 
3. The county judge is the agent for service of suits against a county, and presumably,
when served with process, would deliver the suit papers to the district or county attorney with
jurisdiction to defend the suit. See Tex. Civ. Prac. & Rem. Code Ann. § 17.024(a) (Vernon
2008). Section 89.0041's notice provision may seem redundant or overly precautionary. 
Nevertheless, generally our function is not to question the wisdom of the statute or measure
it for logic; we are to apply the statute as written, unless the context or an absurd result
requires a different construction. See City of Rockwall v. Hughes, 246 S.W.3d 621, 629 (Tex.
2008); Lee v. City of Houston, 807 S.W.2d 290, 293 (Tex. 1991).